Case number 21-5074. Patrick Eddington, Appellant versus United States Department of Defense. Mr. Topic for the Appellant. Ms. Walker for the Appellant. Mr. Topic, good morning. Good morning. Thank you and may it please the court. Appellant agrees with the Defense Department that merely sending a request is insufficient to trigger an agency's response if it was never received. At the same time, emails do not typically disappear into ether and therefore evidence that an email was sent is highly probative of whether the email was received, especially when inferences at summary judgment must be resolved in favor of the non-movement. I'd like to focus on why the District Court erred in relying on the presumption of good faith to resolve a genuine dispute of fact in favor of the Department under the specific facts of this case. The Department has never disputed that if the requests were delivered to its email servers, they were received under FOIA regardless of what happened to them after that. And it recognized that FOIA requests could be routed to spam folders because it checked them in response to the suit. What it has never addressed, however, is whether its email system was configured to automatically delete unread spam after a period of time that passed by the time the Department looked for the emails after the suit was filed. Therefore, the fact that the insufficient to grant summary judgment for several reasons. First, under Rule 56, inferences must be drawn in favor of the non-movement. Instead, the District Court inferred that the emails were never received by the Department servers from the fact that they were not found months later in anyone's email account. That is precisely the opposite of what Rule 56 requires. Second, the presumption of good faith was inapplicable. Under safeguard, which the government cites in its brief, the agency has adequately investigated and described the relevant circumstances for its claims. The Department has not conducted any investigation into automatic deletion or described the relevant circumstances of how it works. Why don't you just resend them rather than bring a lawsuit? Yes, Your Honor. So, first, there's no statute of limitations problem here. Correct. I mean, from our client's perspective, he sent the request the way he was supposed to. There has not been an adequate explanation as to what happened to the request. The government hasn't addressed a very likely scenario of what happened. He filed suit. He paid his filing fee. He put the effort into filing a lawsuit and to start over again at the back of the line would be a rather tough pill for a requester to swallow in these circumstances. I won't get into any settlement discussions we had with the government. I can tell you it certainly would be amenable to try to work something out that doesn't put him back to the back of the line. But I think the same question could be asked of the government. You are aware of these requests now for several years after the suit was filed. Why not just process the request then? If he had just filed 21 days after he originally filed, he'd only be 21 days behind the line. If he had started over at that point, yes, that would be the amount of time that passed in between. He could have presumably called, I think, and said, I filed this 20 days ago. I haven't heard back. I'm refiling today. Can you see if there's some technical glitch on your end? This seems like what a normal person would do. I don't know whether these components make a phone number available to contact anyone. I know many components don't. But unfortunately, the reality is that it's not at all uncommon for FOIA requests to be ignored, for follow-ups to be ignored. If we were in a situation in which agencies routinely responded to requests in a timely manner, then it might be a different situation. Then a requester might think, gee, something must be wrong here because they normally respond to requests. But that is just simply not the reality of how most government agencies operate their FOIA programs. They frequently violate the deadlines. And so it's not at all unusual. Is there evidence? You're making factual assertions. Where's your evidence? In terms of government FOIA practices, that's not an issue that was litigated below. It's not something that is in the record. I took this to be pragmatic questions about, isn't there another way that this could have been addressed? And I'm endeavoring to respond to those questions. But ultimately, if they were received, none of that matters under the statute. If they're received and they weren't responded to by the deadline, a requester has a claim that can be brought at that time. There's no obligation to go through any further process if a request hasn't been... And that's the problem is it's really, really hard to know if they were received. There's nothing to suggest that they weren't received. And I mean, just off the top of my head, I can just think of half dozen, maybe a dozen things that after the original 20 days went by without a response that your client could have done. I think he sent them from a somewhat unusual email app. You could have tried sending them from a normal email app. He could have... Everything from as simple as that to something as taking the subway over to deals with FOIA. It's public building. I'm not saying they just let everybody in without a reason and a security, but maybe somebody would have come down to meet him. All that seems so much easier than filing a federal lawsuit. Yeah, I certainly appreciate that. I don't know what luck Mr. Eddington would have if he just showed up at a government office and asked to talk to a FOIA officer. What about my idea of just sending it by Gmail? I don't know that we would be in any different position here. Just to frame where we are, it's a summary judgment motion filed by the government. Are there explanations for what happened that would mean it wasn't received? Sure. There's also explanations that the government very easily could have addressed its declaration. I mean, it really is... The only thing we've identified is a possible explanation that's consistent with all the evidence. It was before the district court. I will ask the government how the 14 different units are in terms of servers and emails and systems and processes. But if there's some difference between each of the 14 units, your theory is that 14 independent actors all messed up. And their theory is that you messed up. And just, I mean, anything but an expert on philosophy and Occam's razor comes to mind. But the simplest explanation there is not that 14 independent people had a computer problem, but that you did. So I think I can clarify that, Your Honor. So we're not saying that 14 independent people got the request into their inbox and chose not to respond to them. What we're saying is that the most likely explanation is that it's something with the way the government configured its email servers. They're all part of the same department. So it certainly, if they have answers to questions about how that's configured, that will be helpful. But that's the kind of evidence that should have been presented in summary judgment. And at the end of the day, it's a summary judgment case. The inferences are supposed to be drawn in our favor. And the district court took the opposite approach and put all the inferences in favor of the government. I'm in my rebuttal time. So I will be happy to answer any additional questions or handle them in rebuttal. All right, Ms. Walker. Thank you, Your Honor. May it please the court. My name is Anna Walker and I represent the Department of Defense. Today, we ask the court to affirm summary judgment because the appellant has not demonstrated that the Department of Defense received the FOIA requests that he claims he submitted to the Department of Defense. To answer the question that was raised just previously, I did check with the Department of Defense. Each of the 14 components that the requests were sent to have different email servers. But we would submit that this argument actually is not right at this point for the court to consider. Had the appellant raised this argument during the summary judgment briefings in the detail that he is raising it now, we could have addressed this matter really simply with a supplemental declaration that disposes of the issue. Ms. Walker, did I just hear you right that the 14 units did have 14 different email servers? That is correct, Your Honor. I mean, that seems, I'm not saying we need this information to side with you. But to me, that's just, it makes the appellant's theory go from unlikely to exceptionally unlikely. And Your Honor, we would say that our evidence in the initial declaration was actually very strong that the appellant's argument was very highly unlikely because of the fact that each of the FOIA logs, where FOIA requests are automatically intaked and recorded, and did not find any evidence of the request. In addition, the declaration explains that had the request come in, each of the components would have sent an acknowledgment in some form or another to the appellant. And appellant has made no demonstration that he received any of these acknowledgment letters. And we would submit that this evidence alone is sufficient to show that it there's no, there's no evidence here of actual receipt. We would also point out to the fact that appellant's argument that asking the court to speculate about the possibility that his FOIA requests were automatically deleted from spam folders before they were checked is a bit of a red herring because it conflates the issue of what is sufficient to establish that an agency conducted a reasonably calculated search for responses to a FOIA request with appellant's threshold obligation to show that he submitted a FOIA request in the first place. In other words, the crux of this case is whether the appellant has actually submitted a FOIA request. And here the evidence is overwhelming to show that he did not. It is the requester's jurisprudential obligation to establish that he has exhausted his administrative remedies by submitting a FOIA request in the first instance. His evidence in this case simply does not meet this obligation. And so we would say that on this grounds alone, the court can decide to affirm the trial court's decision. Specifically, he points to only two pieces of evidence to support his claim that the department received his FOIA requests. However, neither of these pieces of evidence is probative of actual receipt. First, he points to the fact that he made PDF copies of emails that he allegedly sent to the Department of Defense's 14 different components. However, these email messages do not indicate that they were actually received by each of the 14 different components. In addition, he points to the fact that he received no bounce back or error messages after he submitted the email to the Department of Defense. But we would submit that this evidence is just as probative of receipt as it is to the fact that he never submitted the emails the correct way in the first place. And so while we would say that it would be very difficult in this case for him to show receipt, especially against the department's declaration that establishes that an agency that There are additional pieces of evidence that appellant could have cited to to perhaps bolster his argument of receipt. One of those pieces of evidence could have been an email header that demonstrated that the emails that he sent to the Department of Defense were actually received by the Department of Defense's 14 different email servers. In fact, the court of federal claims uses evidence exactly like this to demonstrate when a bid submitted by a contractor actually successfully submitted his bid to the federal agency that he is sending the bid to. In addition, appellant could have cited to read receipts, which indicate that the email potentially was actually received by the intended recipient. And we know that other courts across the country, including the Sixth Circuit, has used this as circumstantial evidence to establish receipt. He has not pointed to either of these additional pieces of evidence, and he has also not pointed to the fact that his actual pieces of evidence are sufficient to establish receipt. And so for that reason, he has not upheld his burden to show that the department actually received the FOIA requests. I'm sorry, Your Honor, I can't hear you. All right. I'm sorry. It's not your burden to have a theory for what happened here, but do you have a theory for how? I believe Mr. Eddington thought he sent these. He pressed a button on an email app, and after he pressed that button, it was his belief that the email was sent and likely received. Do you have a theory for why they weren't received? Me personally, I don't have a very strong theory, except for the fact that they were never actually received. I do believe he intended to send them, but I echo the court statement earlier about the AirMail app not being one that perhaps is typically used when submitting requests, or at least not, I'm sorry, not an email client that a lot of people use. And so email clients can sometimes malfunction, and so that would be one possibility. No, please go ahead. Okay, thanks. The Defense Department has now received these requests, haven't they? Through you? Yes, Your Honor, they were attached to the complaint. Why don't we just wait 21 days and you respond? Or not you, but the various compartments or departments. What's all the fuss about? Your Honor, the biggest problem with responding to the FOIA request at this time is that it would be unfair to the requesters that have submitted their requests that were actually received by the Department of Defense, because the Department of Defense processes their FOIA requests on a first-in-first-out basis. Wait a minute. These requests are now, have been, quote, actually received. I misspoke then, if that is what I intended to say. They have not been received through the proper channels. They have been attached to the complaints. We have them, we are aware of them, but they have not been submitted through the proper channels of actual submitting a request to the Department of Defense. And it upholds the order of administrative processing to do so in this case. And we would also submit that not only does it create an unfair advantage to start processing this request that hasn't been received the way other requesters have submitted requests to the Department, but it also creates a dangerous precedent where the Department could now suddenly be liable for FOIA requests that it never received in the first place. And it also creates a situation that might lead to chaos down the road where the department is now looking at requests that it received or is alleged to have received by a requester and trying to determine exactly when it received it. And these are reasons why the court in earlier than actually receiving the request through the proper channels. And so, we again submit that the evidence here is simply not sufficient to show that Pellant has met his burden to establish a genuine dispute of material fact that the agency received the judgment by the district court. We also submit that again, separately, the court could also affirm judgment by the lower court simply by the fact that Appellant has not established his jurisprudential obligation to show that he exhausted his administrative remedies by submitting a request in the first place. I see that I'm running short of time. So, if there are no further questions for all of these reasons, we ask that judgment be affirmed. All right. Thank you. Mr. Topic, I think you have a minute or so left. Thank you, Your Honor. As to Houston and the cases rejecting the prison mailbox rule in certain circumstances, the government is conflating the presumption of receipt with what date you use, whether you use the date of mailing or the date of receipt in statutes that use language like submitted or filed. Those are not cases that rejected a presumption of delivery. That was simply a question of which date do you use. It's not an issue and there are plenty of cases applying the mailbox rule to a presumption of receipt and also doing that when it comes to email. Do you know why your client took, I think it was seven months to file suit? I mean, I asked in part because today you've emphasized that he's in a hurry. I don't have an answer to how that timing worked out. What I would close on, if I may, is this would be a different case if this had not been at summary judgment and the district court's decision, if you go back to the way inferences are supposed to be resolved at summary judgment, we've come forward with more than speculation to rebut the government's evidence and more should have been required before summary judgment was granted. What's the remedy you're seeking? Well, I think it should be remanded with instructions to vacate summary judgment and then the district court has a number of options available on how to resolve the case. It could give the government an opportunity to submit a second set of affidavits that address the issues that we have raised. And if they were to do that, the case would be in a different posture. Are you asking the district court to order the government to respond within 21 days or two weeks or what? Well, we have not filed our own summary judgment motion asking for any relief. The government has asked that the case be dismissed based on it not being received. And so what do you get if you win? I think what we would get if we win is that either the government would have to furnish more detailed affidavits to meet its burden or the district court could allow limited discovery into those questions instead of affidavits. And then ultimately we would want a finding that it was received through another set of briefing in a motion that we have not filed at this time. All right. If there are no more questions. Thank you, sir.
judges: Henderson, Walker, Randolph